OPINION
{¶ 1} Defendant-appellant Shane McCuen appeals from his conviction and sentence in the Muskingum County Court of Common Pleas on one count of possession of drugs and one count of trafficking in drugs. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was indicted on one count of possession of drugs (crack cocaine), in violation of R.C. 2925.11(A), and one count of trafficking in drugs (marijuana), in violation of R.C. 2925.03(A)(2). On December 15, 2003, appellant entered a guilty plea to both counts as part of a plea bargain. In exchange for the guilty plea, the State agreed to recommend a total prison sentence of two years. The trial court accepted appellant's guilty plea. Appellant was sentenced to 11 months of imprisonment on the count of trafficking in drugs and two years of imprisonment on the count of possession of drugs, to be served concurrently. However, neither the trial court in its oral discussion with appellant nor the guilty plea form signed by appellant indicated that the possession of drugs count carried a mandatory prison sentence.
 {¶ 3} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 4} "I. Error was committed by appellant's counsel as well as by the appellee and the trial court in failing to advise appellant of the mandatory sentence he was facing.
 {¶ 5} "II. Appellant was denied the effective assistance of counsel when counsel failed to advise appellant of the mandatory sentence."
 I {¶ 6} In the first assignment of error, appellant contends that the trial court erred when it failed to advise appellant of the mandatory nature of the sentence required to be imposed upon his conviction. Appellant argues that he should have been advised that because the sentence imposed for trafficking in crack cocaine was mandatory, he would have to serve that sentence without any opportunity to be released early on judicial release and without any opportunity for involvement in "boot camp." Appellant's Merit Brief, pg. 6. We agree.
 {¶ 7} In essence, appellant contends that the trial court failed to substantially comply with Crim. R. 11(C)(2)(a). Criminal Rule 11 (C)(2)(a) states the following:
 {¶ 8} "In felony cases the court . . . shall not accept a plea of guilty . . . without first addressing the defendant personally and . . . determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. . . ."
 {¶ 9} The trial court need only substantially comply with the requirements of Crim. R. 11 that involve the waiver of nonconstitutional rights. Id. at 476. In this case, appellant's assignment of error does not concern a constitutional right. Therefore, this court's standard of review is substantial compliance.
 {¶ 10} In this case, we find that the trial court did not substantially comply with Crim. R. 11(C)(2)(a). Pursuant to Crim. R. 11(C)(2)(a), a trial court must inform a defendant if the defendant is not eligible for probation or for community control sanctions. In Statev. Pape, Clark App. No. 2000CA98, 2001-Ohio-1827, the Second District Court of Appeals found that a defendant must also be told that his sentence is a mandatory sentence and that he must be told that that means he is ineligible for judicial release. The majority in Pape said, "[i]n our judgment, implicit in the duty imposed by Crim. R. 11(C)(2)(a) to determine that the defendant understands that he is ineligible for community control sanctions is the further duty to determine that he also understands he is ineligible for judicial release, which results in the imposition of community control sanctions." Pape, supra. While this interpretation of Crim. R. 11(C)(2)(a) may go beyond what a strict interpretation of the rule requires, we find that the Second District's interpretation is in keeping with the intent of the rule which is to make sure a defendant knows exactly what the sentencing options of the trial court are whenever a defendant enters a plea of guilty or no contest.
 {¶ 11} A prison term was mandatory if appellant was convicted of the offense of possession of drugs, in violation of R.C. 2925.11(A). R.C.2925.11(C)(4)(d). Appellant was not eligible for judicial release while serving a mandatory sentence. R.C. 2929.20. However, neither the trial court nor the written plea agreement signed by appellant indicated that the prison term was mandatory. Pape, supra. Thus, the trial court failed to substantially comply with Crim. R. 11(C)(2)(a).
 {¶ 12} Accordingly, appellant's first assignment of error is sustained. The plea of guilty and sentence is vacated and the matter will be remanded to the trial court for further proceedings.
 II {¶ 13} In the second assignment of error, appellant contends that his trial counsel was ineffective for failing to advise appellant of the mandatory sentence. However, pursuant to this court's holding in assignment of error I, this assignment of error is moot.
 {¶ 14} The judgment of the Muskingum County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.
Edwards, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is reversed and remanded for further proceedings. Costs assessed to appellee.