{¶ 21} While I concur with the majority with regard to appellant's first assignment of error, I respectfully dissent as to appellant's second assignment of error. During the change of plea hearing, the trial court did engage in a colloquy with appellant. However, regarding the total sentence that appellant would be required to serve pursuant to a plea of no contest, the trial court advised appellant that the maximum penalty for possession of crack cocaine as charged in the indictment is 10 years in prison. At no time during the change of plea hearing did the court inform appellant that the term of 10 years imprisonment was a mandatory sentence. See State v. McCuen, 5th Dist. No. CT2004-0038, 2005-Ohio-3346, at ¶ 10, citing State v. Pape
(Nov. 21, 2001), 2d Dist. No. 2000 CA 98 (both holding that the trial court violated Crim.R. 11 by failing to advise the defendant that his sentence was a mandatory sentence). Consequently, I would affirm appellant's second assignment of error and reverse his convictions, rendering the third assignment of error moot.