[Cite as *State v. Lee*, 2012-Ohio-3055.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                         |   | JUDGES:                     |
|-------------------------|---|-----------------------------|
| STATE OF OHIO           | : | Patricia A. Delaney, P.J.   |
|                         | : | William B. Hoffman, J.      |
| Plaintiff-Appellee      | : | Julie A. Edwards, J.        |
|                         | : |                             |
| -vs-                    | : | Case No. 2011CA0087         |
|                         | : |                             |
|                         | : |                             |
| RUSSELL LEE             | : | O P I N I O N               |
|                         |   |                             |
| Defendant-Appellant     |   |                             |


CHARACTER OF PROCEEDING:          Criminal Appeal from Licking County
                                  Court of Common Pleas Case No.
                                  10CR00279

JUDGMENT:                         Reversed and Remanded

DATE OF JUDGMENT ENTRY:           June 28, 2012

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

KENNETH W. OSWALT                 ANDREW T. SANDERSON
Licking County Prosecutor         21 W. Church Street, Suite 201
Licking County, Ohio              Newark, Ohio  43055

BY: BRIAN T. WALTZ
Assistant Prosecutor
20 S. Second Street, Fourth Floor
Newark, Ohio  43055

*Edwards, J.*

{¶1} Appellant, Russell Lee, appeals a judgment of the Licking County Common Pleas Court convicting him of driving under the influence in violation of R.C. 4511.19(A)(1)(f) upon a plea of guilty and sentencing him to 30 months incarceration. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} On June 30, 2009, appellant was driving on US 40 in Licking County when a second vehicle lost control and crossed the center line, striking appellant's vehicle. At the scene, appellant had a strong odor of alcohol on his breath and his eyes were bloodshot and glassy. There were several loose beer cans in his vehicle.

{¶3} After appellant refused to submit to testing, a blood sample was obtained by the Grant Medical Center. Analysis of the sample revealed that appellant's blood alcohol level was .214. Appellant had five or more prior convictions for driving under the influence in the past 20 years.

{¶4} The State indicted appellant with a violation of R.C. 4511.19(A)(1)(f) as a felony of the third degree. The State subsequently amended the charge to a felony of the fourth degree. Appellant entered a plea of guilty to the amended charge and was sentenced to 30 months incarceration.

{¶5} He assigns a single error on appeal:

{¶6} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN ACCEPTING THE GUILTY PLEA OF THE DEFENDANT-APPELLANT."

{¶7} Appellant argues that his plea was not entered knowingly, intelligently and voluntarily because the trial court incorrectly informed him that the mandatory minimum

sentence for the offense was 60 days incarceration rather than 120 days pursuant to R.C. 4511.19(G)(1)(d)(ii).

{¶8} Crim. R. 11(C)(2)(a) provides:

{¶9} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶11} When considering a claim that the court violated Crim. R. 11(C)(2)(a) by failing to advise the defendant of the mandatory nature of a sentence, this Court must determine whether the trial court substantially complied with the Rule. *State v. McCuen*, 5th Dist. No. CT2004-0038, 2005-Ohio-3346, ¶9.

{¶12} In the instant case, the trial court clearly misstated the mandatory minimum prison term as 60 days rather than 120 days throughout the change of plea hearing. Tr. 9-10. The prosecutor also represented that the mandatory prison sentence is 60 days. Tr. 15.

{¶13} The record reflects confusion on the part of appellant and his attorney as to the possible sentence. The plea form signed by appellant reflects that the maximum sentence is 30 months, of which "zero" is mandatory. The plea colloquy reflects that appellant and his attorney were both confused as to the possible penalties:

**{¶14}** "Q. Do you understand the possible penalties which could be imposed here?

**{¶15}** "A. Yes, sir.

**{¶16}** "Q. I've already gone over these with you, but the maximum prison range is sixty days to thirty months. Do you understand that?

**{¶17}** "A. I'm sorry. Can you repeat that?

**{¶18}** "Q. Do you understand that I have to send you to prison?

**{¶19}** "A. There's a mandatory sentence - - prison sentence?

**{¶20}** "Q. That is my understanding of the statute.

**{¶21}** "A. I didn't know. I was unaware of that.

**{¶22}** "Q. Well, this is the nuts and bolts of the case. Do you - - I'm telling you now. Do you understand that?

**{¶23}** "Do you want to talk to your lawyer? Sure, go ahead.

**{¶24}** "MR. SUHR: We were not aware of the sixty day mandatory minimum and this case is amended.

**{¶25}** "THE COURT: It's a felony of the fourth degree. It's OVI, and that means he's got sixty days incarceration mandatory up to thirty months even though it's a felony of the fourth degree.

**{¶26}** "MR. HUSTON: I think the mandatory provision, Your Honor, relates to the sixty days. I think it's then the Court's discretion to impose an additional prison sentence on top of that.

**{¶27}** "Q. Exactly. The minimum mandatory is sixty days. The maximum is thirty months, two and a half years. Do you understand that? This is for the charge that's been amended.

**{¶28}** "A. Yes, Your Honor.

**{¶29}** "Q. Do you still wish to proceed?

**{¶30}** "A. Yes, sir." Tr. 9-10.

**{¶31}** In the instant case, appellant was clearly unaware prior to the change of plea hearing that there was a mandatory prison sentence required as a consequence of his plea, and the trial court misstated the mandatory minimum term as 60 days rather than 120 days. Further, the trial court did not correct this misstatement at the sentencing hearing. Based on the facts and circumstances of this case, we find the trial court did not substantially comply with Crim. R. 11(C)(2)(a).

**{¶32}** The assignment of error is sustained.

**{¶33}** The judgment of the Licking County Common Pleas Court is reversed and this cause is remanded to that court for further proceedings according to law and consistent with this opinion.

By: Edwards, J.

Delaney, P.J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/r0403

[Cite as *State v. Lee*, 2012-Ohio-3055.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RUSSELL LEE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA0087 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and remanded to the trial court for further proceedings.  Costs assessed to appellee.

_____

_____

_____

JUDGES