[Cite as *State v. Smith*, 2014-Ohio-2990.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
|---|---|---|
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| ROY G. SMITH | : | Case No. 13-CA-44 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 12 CR 00142



JUDGMENT:                       Reversed and Remanded



DATE OF JUDGMENT:               July 2, 2014




APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

TRACY F. VAN WINKLE                         WILLIAM T. CRAMER
20 South Second Street                      470 Olde Worthington Road
4th Floor                                   Suite  200
Newark, OH  43055                           Westerville, OH  43082

*Farmer, J.*

{¶1} On March 16, 2012, the Licking County Grand Jury indicted appellant, Roy Smith, on four counts of rape in violation of R.C. 2907.02(A)(1)(b) as the victim was less than thirteen years of age. On August 9, 2012, appellant pled no contest to four counts of forcible rape in violation of R.C. 2907.02(A)(2). The trial court found appellant guilty. By judgment entry filed August 9, 2012, the trial court sentenced appellant to an aggregate term of fourteen years in prison.

{¶2} Appellant filed a motion for leave to file a delayed appeal which was granted, and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶3} "THE TRIAL COURT VIOLATED R.C. 2929.19(B)(2)(a) BY FAILING TO NOTIFY APPELLANT DURING THE SENTENCING HEARING THAT THE PRISON TERMS WERE MANDATORY."

II

{¶4} "THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS, AND CRIM.R. 11(C)(2)(a), BY FAILING TO ENSURE THAT APPELLANT UNDERSTOOD THAT HIS ENTIRE SENTENCE WOULD BE MANDATORY WHEN HE ENTERED A NO-CONTEST PLEA."

I, II

{¶5} Appellant claims the trial court failed to notify him that the prison terms were mandatory and as a result, his plea was not made knowingly, intelligently, and voluntarily. We agree.

{¶6} Crim.R. 11 governs the process of entering a plea. Subsection (C) provides the following in pertinent part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶7} In accepting a no contest plea, a trial court must substantially comply with Crim.R. 11. *State v. Nero,* 56 Ohio St.3d 106 (1990). Under substantial compliance, a "slight deviation" is permissible "so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31, quoting *Nero, supra,* at 108. Substantial compliance with Crim.R. 11(C) is determined upon a review of the totality of the circumstances. *State v. Carter,* 60 Ohio St.2d 34 (1979). In *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12, the Supreme Court of Ohio explained the following:

The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial compliance. *State v. Nero,* 56 Ohio St.3d at 107, 564 N.E.2d 474. Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. Id. at 108, 564 N.E.2d 474. The test for prejudice is "whether the plea would have otherwise been made." Id.

{¶8} R.C. 2929.19 governs sentencing hearings. Subsection (B)(2)(a) states: "Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall***[i]mpose a stated prison term and, if the court imposes a mandatory prison term, notify the offender that the prison term is a mandatory prison term."

{¶9} During the Crim.R. 11 colloquy, the following exchange occurred between the trial court and appellant (T. at 12-14):

Q. Do you understand, Mr. Smith, that should the Court permit you to change your pleas and should the Court then enter guilty findings, generally all that would remain to be done is to proceed with sentencing; and the maximum sentence for these four counts, as amended, would consist of a term of 40 years in the state penitentiary, an $80,000 fine, five

years of mandatory post-release control, and classification as a Tier III sexual offender, which I believe would require your registration for the rest of your life for every 90 days? Do you understand that?

A. Yes, sir.

Q. Do you understand that's the maximum possible penalty you could receive in this case?

A. Yes, sir.

Q. Do you understand that's the maximum amount of time you could be required to serve at a state penitentiary without any type of credit for good behavior?

A. Yes, sir.

Q. Do you understand, Mr. Smith, that if you were to be sentenced to the penitentiary, released early pursuant to judicial release and placed on community control, that if you were to violate the terms of community control you'd be subject to being returned to the penitentiary for the balance of your sentence?

A. Yes, sir.

Q. Do you understand that this offense carries a term of mandatory incarceration, as a result of which, both, you're not eligible for judicial release during any mandatory period of incarceration and you could not be sentenced to community control directly? Do you understand that?

A. Yes, sir.

{¶10} In the plea form filed August 9, 2012, it states: "I understand the MAXIMUM sentence is a basic prison term of 40 years of which 3 yrs is mandatory. I am not eligible for judicial release during the mandatory imprisonment." Also, "I understand that based on this charge I am not eligible for community control or judicial release. If I am eligible for it and am sentenced to community control and if I violate any of the conditions imposed, I can be given a longer period under court control, greater restrictions or a prison term of 5 years."

{¶11} While the trial court informed appellant that "this offense carries a term of mandatory incarceration," the trial court did not notify appellant of the number of years that were mandatory. Pursuant to the plea form, appellant was informed that only three years of the potential forty year sentence were mandatory, thereby precluding judicial release during those three years. However, all fourteen years of appellant's sentence are mandatory. R.C. 2929.13(F)(2). Moreover, the notifications as to judicial release and community control were confusing. While the plea form indicated appellant was not eligible for either, the form goes on to explain the consequences for violating community control "[i]f I am eligible for it and am sentenced to community control." During the plea colloquy, the trial court informed appellant that "if you were to be sentenced to the penitentiary, released early pursuant to judicial release and placed on community control, that if you were to violate the terms of community control you'd be subject to being returned to the penitentiary for the balance of your sentence." T. at 13. It is plausible that appellant could have subjectively understood that three years were mandatory, after which he could be released on judicial release and placed on community control.

{¶12}  Based upon the totality of the circumstances, at the time appellant pled no contest, he was unaware of the amount of mandatory prison time, and that he would be ineligible for judicial release or community control for the entire fourteen year term.  Had appellant known, he may not have pled no contest to the four counts.

{¶13}  Upon review, we find appellant's no contest pleas were not made knowingly, intelligently, and voluntarily, and prejudicial error occurred in accepting said pleas.

{¶14}  Assignments of Error I and II are granted.

{¶15}  The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed, and the matter is remanded to said court for further proceedings.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg 612

[Cite as *State v. Smith*, 2014-Ohio-2990.]