[Cite as *State v. Chandler*, 2016-Ohio-599.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                  :
                                               :
    *Plaintiff-Appellee*                        :    Appellate Case No. 26647
                                               :
v.                                             :    Trial Court Case No. 2014-CR-513
                                               :
JESSE J. CHANDLER, III                         :    (Criminal Appeal from
                                               :    Common Pleas Court)
    *Defendant-Appellant*                      :
                                               :

. . . . . . . . . .

O P I N I O N

Rendered on the 19th day of February, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANN M. GRABER, Atty. Reg. No. 0091731, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

BROCK A. SCHOENLEIN, Atty. Reg. No. 0084707, 371 West First Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Jesse J. Chandler, III, appeals from his conviction in the Montgomery County Court of Common Pleas after he pled no contest to one count of

failure to verify in violation of R.C. 2950.06(A) and (F). Chandler contends his conviction should be vacated because he did not knowingly, intelligently, and voluntarily enter his no contest plea. The State concedes error and requests this court to vacate Chandler's conviction. For the reasons outlined below, Chandler's conviction will be vacated and the matter will be remanded to the trial court for further proceedings.

**Facts and Course of Proceedings**

{¶ 2} On February 19, 2010, in Case No. 2010 CR 128, Chandler was convicted of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a felony of the fourth degree, and was sentenced to 18 months in prison. As a result of being convicted of a sexually oriented offense, Chandler was required to register as a sex offender with the Montgomery County Sheriff and to periodically verify his current residential address and his current school or place of employment. Thereafter, on September 21, 2012, in Case No. 2012 CR 625, Chandler was convicted of failing to verify the aforementioned information in violation of R.C. 2950.06(A) and (F), a felony of the fourth degree, and was sentenced to six months in prison.

{¶ 3} A year and a half later, on February 24, 2014, Chandler was indicted in the present case for another charge of failure to verify in violation of R.C. 2950.06(A) and (F). Because Chandler had been previously convicted of violating R.C. 2950.06, the charge was designated a felony of the third degree. *See* R.C. 2950.99(A)(1)(b)(iii). Chandler initially pled not guilty to the charge and thereafter failed to appear at court for a scheduling conference. As a result of Chandler's nonappearance, the trial court issued a capias for his arrest. Chandler was eventually apprehended on March 12, 2015.

{¶ 4} Following his apprehension, Chandler appeared before the trial court on

March 24, 2015, and pled no contest to the failure to verify charge. Prior to his plea, the trial court informed Chandler that a prison sentence was mandatory and that 9 months was the minimum possible prison sentence he could receive. Additionally, the trial court informed Chandler that his prison term would fall within the range of 9, 12, 18, 24, 30, or 36 months. The same information was contained in the written plea form that was signed by Chandler. Defense counsel did not raise any objection during the plea hearing.

{¶ 5} Thereafter, the matter proceeded to sentencing on April 7, 2015. Unlike the plea hearing, the trial court advised Chandler at the sentencing hearing that he was required to serve a mandatory minimum of three years in prison. The trial court then imposed a three-year prison term without any objection from the defense. Chandler now appeals from his conviction and raises the following single assignment of error for our review:

> APPELLANT'S PLEA COULD NOT HAVE BEEN ENTERED KNOWINGLY
> AND INTELLIGENTLY AS REQUIRED BY LAW.

{¶ 6} Under his sole assignment of error, Chandler contends his conviction should be vacated because he did not knowingly, intelligently, and voluntarily enter his no contest plea. He claims his plea was not knowingly, intelligently, and voluntarily entered because at the plea hearing, and in the written plea form, the trial court erroneously advised him that he could be sentenced to 9, 12, 18, 24, 30 or 36 months in prison when, under the circumstances of this case, R.C. 2950.99(A)(2)(b) mandated that he receive a minimum of three years in prison.

{¶ 7} R.C. 2950.99(A)(2)(b) provides the following:

> In addition to any penalty or sanction imposed under division

(A)(1)(b)(i), (ii), or (iii) of this section or any other provision of law for a violation of a prohibition in section * * * 2950.06 of the Revised Code, if the offender previously has been convicted of or pleaded guilty to * * * a violation of a prohibition in section * * * 2950.06 of the Revised Code when the most serious sexually oriented offense or child-victim oriented offense that was the basis of the requirement that was violated under the prohibition is a felony if committed by an adult or a comparable category of offense committed in another jurisdiction, the court imposing a sentence upon the offender *shall impose a definite prison term of no less than three years.*

(Emphasis added.)

{¶ 8} Given that Chandler was previously convicted of violating R.C. 2950.06, the State concedes that the trial court misinformed Chandler regarding the possible sentence he could receive and that said misinformation resulted in Chandler not entering a knowing, intelligent, and voluntary no contest plea. Therefore, the State maintains that Chandler's plea is invalid and that it is appropriate for this court to vacate his conviction and remand the matter to the trial court.

{¶ 9} "[U]nless a plea is knowingly, intelligently, and voluntarily made, it is invalid." (Citation omitted.) *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. "In order for a plea to be knowing, intelligent, and voluntary, the trial court must comply with Crim.R. 11(C)." (Citation omitted.) *State v. Russell*, 2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 6.

{¶ 10} Crim.R. 11(C)(2) provides the following:

In felony cases the court may refuse to accept a plea of guilty or a plea of

no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶ 11}** "To ensure that pleas conform to these high standards, the trial judge must engage the defendant in a colloquy before accepting his or her plea."   (Citations omitted.) *Clark* at ¶ 26.   When conducting a Crim.R. 11(C)(2) plea colloquy, "the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea."   *Id.*

**{¶ 12}** "[I]f the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies."   *Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893

N.E.2d 462 at ¶ 31, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Id.*, quoting *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). More specifically, " '[s]ubstantial compliance requires that an on the record dialogue take place, where [the] defendant is orally informed of the possible sentence. * * * The trial court cannot misinform the defendant about the possible sentence. * * * The court must inform [the] defendant if he would be required to serve actual time in prison * * * and must disclose the length of the mandatory actual incarceration.' " *State v. Tutt*, 2015-Ohio-5145, ___ N.E.3d ___ , ¶ 19 (8th Dist.), quoting *State v. Dawson*, 8th Dist. Cuyahoga No. 61828, 1993 WL 12286, *2 (Jan. 21, 1993).

{¶ 13} "When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule." (Emphasis sic.) *Clark* at ¶ 32. "If the trial judge partially complied, * * * the plea may be vacated only if the defendant demonstrates prejudicial effect." *Id.* "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.*, quoting *Nero* at 108. However, "[i]f the trial judge completely failed to comply with the rule, * * * the plea must be vacated." *Id.* In other words, " '[a] complete failure to comply with the rule does not implicate an analysis of prejudice.' " *Id.*, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 14} In this case, the trial court informed Chandler at his plea hearing and in the

written plea form that if he pled no contest, he would be required to serve a mandatory 9, 12, 18, 24, 30 or 36 months in prison. However, under the circumstances of this case, R.C. 2950.99(A)(2)(b) required the trial court to impose a mandatory minimum of three years in prison. Since Chandler's failure to verify offense is a felony of the third degree, a three-year prison sentence is also the maximum term authorized by R.C. 2929.14(A)(3)(b). Therefore, the trial court should have advised Chandler that he was subject to a mandatory three-year prison sentence.

**{¶ 15}** Because the trial court provided Chandler with inaccurate information concerning his possible prison sentence, we cannot conclude based on the totality of the circumstances that Chandler fully understood the effect of his plea. Therefore, the trial court failed to substantially comply with Crim.R. 11(C)(2). *See, e.g., State v. Wagner*, 9th Dist. Medina No. 08CA0063-M, 2009-Ohio-2790, ¶ 12 (trial court did not substantially comply with Crim.R. 11(C)(2) when it "provided Wagner with inaccurate information concerning the possible term of his sentence"); *State v. Lee*, 5th Dist. Licking No. 2011CA0087, 2012-Ohio-3055, ¶ 31 (trial court did not substantially comply with Crim.R. 11(C)(2)(a) when it misstated the mandatory minimum prison term as 60 days rather than 120 days).

**{¶ 16}** Despite failing to substantially comply with Crim.R. 11(C), the trial court did not completely disregard its duties under the rule, as the trial court informed Chandler that he was subject to a mandatory prison sentence and explained the sentencing range that the court believed it could impose under R.C. 2929.14(A)(3)(b). *See Wagner* at ¶ 14 (trial court partially complied with Crim.R. 11(C) when it conveyed inaccurate information about maximum penalty); *State v. Rusu*, 9th Dist. Summit No. 25597, 2012-

Ohio-2613, ¶ 9 (trial court partially complied with Crim.R. 11(C) when it informed Rusu his license would be suspended, but misstated the possible length of the suspension). Therefore, in the instant case, the trial court partially complied with Crim.R. 11(C) when it advised Chandler that he would be required to serve a mandatory prison term, but misstated the length of the term as being between 9, 12, 18, 24, 30 or 36 months.

{¶ 17} Given the trial court's partial compliance, the key issue in this case is whether Chandler suffered prejudice as a result of the trial court's misinformation. In other words, it must be determined whether Chandler would have entered the no contest plea had he known that he was required to serve a mandatory three-year prison term as opposed to being subject to a potential range of 9, 12, 18, 24, 30, or 36 months in prison. We note that Chandler entered his plea while aware of the possibility that he could receive a mandatory 36 months, i.e., three years in prison. However, in his appellate brief, Chandler states that he would like the opportunity "to consider the proper statutory mandates before making a decision as to whether or not to enter a plea." At this juncture, we need not determine whether Chandler's statement sufficiently demonstrates a prejudicial effect, as the State has conceded as much by requesting this court to vacate Chandler's conviction as a result of his plea not being knowingly, intelligently, and voluntarily entered.

{¶ 18} Chandler's sole assignment of error is sustained.

{¶ 19} Having sustained Chandler's sole assignment of error, his conviction for failure to verify in this case is vacated, and the matter is remanded to the trial court for further proceedings.

. . . . . . . . . . . . .

HALL, J., concurs.

DONOVAN, P.J., concurs in judgment only.


Copies mailed to:

Mathias H. Heck, Jr.
Ann M. Graber
Brock A. Schoenlein
Hon. Mary Katherine Huffman