**[Cite as *State v. Grove*, 2019-Ohio-1627.]**

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P. J. |
|  | : | Hon. John W. Wise, J |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2018AP100033 |
| PAUL GROVE | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:            Criminal appeal from the Tuscarawas
                                                              County Court of Common Pleas, Case No.
                                                              2017CR090204




JUDGMENT:                                         Reversed and Remanded




DATE OF JUDGMENT ENTRY:          April 29, 2019




APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

AMANDA MILLER                               DONOVAN HILL
Assistant Prosecuting Attorney           116 Cleveland Avenue North
125 East High Avenue                        Canton, OH 44702
New Philadelphia, OH 44663
*Gwin, P.J.*

{¶1} Appellant Paul E. Grove, Jr. ["Grove"] appeals his conviction and sentence after a negotiated guilty plea in the Tuscarawas County Court of Common Pleas.

*Facts and Procedural History*

{¶2} The Tuscarawas County Grand Jury indicted Grove on one count of Aggravated Vehicular Homicide, in violation of R.C. 2903.06(A)(1)(a), two counts of Aggravated Vehicular Assault, in violation of R.C. 2903.08(A)(1)(a), one count of Operating a Motor Vehicle Under the Influence of Alcohol, a Drug of Abuse, or a Combination of Them, in violation of R.C. 4511.19(A)(1)(d), one count of Operating a Motor Vehicle Under the Influence of Alcohol, a Drug of Abuse, or a Combination of Them, in violation of R.C. 4511.19(A)(1)(a), one count of Operating a Motor Vehicle or Agricultural Tractor Without Being in Control of it, in violation of R.C. 4511.202(B), one count of Violation of Lanes of Travel on Roadways, in violation of R.C. 4511.33 (A) and/or (B), and one count of Violation of Speed Limits, in violation of R.C, 4511.21 (D)(1) The matter proceeded to hearing on August 13, 2018 where Grove pled guilty to all counts.

{¶3} The trial court sentenced Grove as follows: Aggravated Vehicular Homicide: Eight years. Aggravated Vehicular Assault: Sixty Months, consecutive with the sentence imposed on Count One. Aggravated Vehicular Assault: Sixth Months, consecutive with the sentence imposed on Counts One and Two Operating a Motor Vehicle Under the Influence of Alcohol, a Drug of Abuse, or a Combination of Them: 180 days, concurrent to the sentence imposed on Counts One, Two, and Three. The trial court's total sentence imposed amounted to eighteen (18) years.

*Assignment of Error*

**{¶4}** Grove raises one assignment of error,

**{¶5}** "I.    APPELLANT'S PLEA WAS NOT VOLUNTARY, INTELLIGENT AND KNOWING."

*Law and Analysis*

**{¶6}** Grove argues that the Plea form, as well as the Trial Court's colloquy both failed to accurately depict the mandatory sentencing under the charge of Aggravated Vehicular Homicide and instead expressly stated that he might receive community control sanctions.

**STANDARD OF APPELLATE REVIEW**

**{¶7}** The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. *See Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

**{¶8}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v.*

*Griggs*, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. *See, State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶12.

**ISSUE FOR APPEAL**

*Whether the trial court was required to inform Grove before accepting his guilty plea that Aggravated Vehicular Homicide under R.C. 2903.06 required the trial court impose a mandatory prison sentence.*

**{¶9}** R.C. 2903.06, Aggravated Vehicular Homicide provides, in relevant part,

(B)(1) Whoever violates division (A)(1) or (2) of this section is guilty of aggravated vehicular homicide and shall be punished as provided in divisions (B)(2) and (3) of this section.

(2)(a) Except as otherwise provided in division (B)(2)(b) or (c) of this section, aggravated vehicular homicide committed in violation of division (A)(1) of this section is a felony of the second degree and the court shall impose a mandatory prison term on the offender as described in division (E) of this section.

* * *

(E)(1) The court shall impose a mandatory prison term on an offender who is convicted of or pleads guilty to a violation of division (A)(1) of this section. *Except as otherwise provided in this division, the mandatory prison term shall be a definite term from the range of prison terms provided in division (A)(1)(b) of section 2929.14 of the Revised Code for a felony of the first degree or from division (A)(2)(b) of that section for a felony of the second degree, whichever is applicable,* except that if the violation is committed on or after the effective date of this amendment[1], the court shall impose as the minimum prison term for the offense a mandatory prison term that is one of the minimum terms prescribed for a felony of the first degree in division (A)(1)(a) of section 2929.14 of the Revised Code or one of the terms prescribed for a felony of the second degree in division (A)(2)(a) of that section, whichever is applicable. If division (B)(2)(c)(i), (ii), (iii), (iv), (v), (vi), (vii), or (viii) of this section applies to an offender who is convicted of or pleads guilty to the violation of division (A)(1) of this section, the court shall impose the mandatory prison term pursuant to division (B) of section

---

[1] R.C. 2903.06 was amended effective March 22, 2019.

2929.142 of the Revised Code. The court shall impose a mandatory jail term of at least fifteen days on an offender who is convicted of or pleads guilty to a misdemeanor violation of division (A)(3)(b) of this section and may impose upon the offender a longer jail term as authorized pursuant to section 2929.24 of the Revised Code. (Emphasis added).

{¶10} R.C. 2929.14 provides, in relevant part,

(2)(a) For a felony of the second degree committed on or after the effective date of this amendment[2], the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.

(b) *For a felony of the second degree committed prior to the effective date of this amendment, the prison term shall be a definite term of two, three, four, five, six, seven, or eight years.* (Emphasis added).

---

[2] R.C. 2929.14 was amended effective March 22, 2019.

**{¶11}** In the case at bar, the Crim.R. 11(C) and (F) plea agreement signed by Grove does not state that any of the felony counts to which he would plead carry mandatory time. The box indicating "Mandatory" is blank for each felony charge.

**{¶12}** Prior to accepting Grove's plea, the trial court advised him,

THE COURT: And, so before I can accept your plea, I need to make sure you understand what that range of sentencing is for, for each charge. On the felony of the second degree, the possible prison term is two, three, four, five, six, seven or eight years and a possible fine of up to fifteen thousand dollars. For counts two and three, the range of sentencing is a possible prison term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four or sixty months, with a fine of up to, should that, I think that should be ten thousand dollars. On count three there's a type-o.

* * *

THE COURT: You are advised that a felony conviction may prevent you from owning or possessing firearms under Ohio or Federal law. Also, if the Court selects a prison term on multiple counts, those can be imposed consecutively, meaning one right after the other, even if the law does not require it. You're also advised that, in addition to the mandatory fine that I've mentioned, the Court can impose the, the optional fines on these charges and other supervision fees. The Court can impose the payment of restitution to a victim, if we have a restitution request. And the other financial sanction is required that the Court impose, the Court costs or the costs of prosecution. If you fail to pay that judgment, the Court can

later order community service hours to be performed and credited at an hourly rate towards the amount due. If you are currently on probation, parole, community control or post-release control supervision, a plea to a new charge could result in revocation proceedings and any new sentence could be imposed consecutively. If you are not a United States citizen, a conviction could result in deportation. Do you understand those possible penalties?

THE DEFENDANT: Yes ma'am.

THE COURT: Okay. On the post-release control, I don't think we have - -

MS. MILLER: Actually, the mandatory three year box should be checked your honor.

THE COURT: Okay. And, oh they've changed, okay. For the felony three, if there's an, if there —

MS. MILLER: We, we don't, our system doesn't let us check that for the serious physical harm. It's not an offense of violence, the F-3s, so.

THE COURT: Okay. It used to say for serious physical harm.

MS. MILLER: It used to.

THE COURT: It doesn't now?

MS. MILLER: Our system doesn't check it.

* * *

THE COURT: Okay. Okay. So the next section describes post-release control and this is a period of, of supervision that comes after

release from prison, which is why it's called post-release. Most people refer to it as parole. If you serve a prison term for the felonies of the second and third degree, you would face, for the felony of the second degree, a mandatory period of post-release control for three years. And for the felony of the third degree, it would be a maximum term of three years post-release control. It appears that it would be optional, but, either way, if you're under supervision of the Adult Parole Board, they'll have rules for you to follow, they'll have somebody that you're accountable to. If you fail to follow the rules, they can place you under greater restrictions or return you to prison for up to nine months for each violation, for a total of one-half of the original prison term. If you commit a new felony while you're under post-release control, you risk having the sentence on your new felony increased by one year or the time remaining on that three year term of post-release control, whichever is greater. Do you understand the post-release control?

Change of Plea, T. Aug. 13, 2018 at 5-7. The trial court further advised Grove of the mandatory driver's license suspension. Id. at 7.

{¶13} This Court has held that a trial court must, before accepting the plea, determine the defendant's understanding that the defendant is subject to a mandatory sentence and that the mandatory sentence renders the defendant ineligible for probation or community control sanctions. *State v. Smith,* 5th Dist. Licking No. 13-CA-44, 2014-Ohio-2990, ¶ 12; *State v. Lee, 5th Dist. Licking No.* 2011CA0087, 2012-Ohio-3055, ¶31; *State v. McCuen,* 5th Dist. Muskingum No. CT2004-0038, 2005-Ohio-3346, ¶11. *Accord, State v. Walters,* 4th Dist. Adams No. 15CA1009, 2016-Ohio-5783, ¶13.

**{¶14}** Addressing a trial court's failure to notify a defendant before accepting his plea that post-release control time was mandatory, the Ohio Supreme Court found,

We disagree with the court of appeals' finding of substantial compliance with Crim.R. 11. Rather, we find that there was no compliance with Crim.R. 11. The trial court did not merely misinform Sarkozy about the length of his term of post-release control. Nor did the court merely misinform him as to whether post-release control was mandatory or discretionary. Rather, the court failed to mention post-release control at all during the plea colloquy. Because the trial court failed, before it accepted the guilty plea, to inform the defendant of the mandatory term of post-release control, which was a part of the maximum penalty, the court did not meet the requirements of Crim.R. 11(C)(2)(a). A complete failure to comply with the rule does not implicate an analysis of prejudice.

117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, 22. In the case at bar, the trial court did not mention the mandatory prison sentence required for Aggravated Vehicular Homicide. As is true with post-release controls, a complete failure to inform Grove of the mandatory prison sentence did not meet the requirements of Crim.R. 11(C)(2)(a). Therefore, Grove is not required to demonstrate prejudice.

**{¶15}** In *State v. Straley*, the Court noted,

The State next contends that any error by the trial court in failing to advise Straley that he would be subject to mandatory prison terms for the three counts of second-degree felony sexual battery charges and its failure to sentence him to the required mandatory terms did not prejudice him

because he understood that he would be serving an aggregate prison term of 35 years and 10 months.

We reject the State's contention because Straley did not understand that R.C. 2929.13(F)(3) required a mandatory prison term for the 21 years of the sentence associated with the second-degree felony sexual battery charges.

4th Dist. Highland No. 17CA4, 2018-Ohio-3080, ¶25-26. In the case at bar, the trial court further informed Grove,

THE COURT: And Ms. Miller, on behalf of the State of Ohio, has told the Court what she expects the recommendations to be at the time of sentencing. Other than those things she talked about, do you think that anyone representing the Prosecutor's office or the State of Ohio promised you anything else that we have not discussed today?

THE DEFENDANT: No, I have not heard that.

THE COURT: And do you understand that her recommendation on sentencing could be more severe if you engage in additional criminal activity prior to sentencing?

THE DEFENDANT: Yes, understood ma'am.

THE COURT: And do you also understand that I have not made a promise of a specific sentence in exchange for your plea?

THE DEFENDANT: I understand that.

Change of Plea, T. Aug. 13, 2018 at 9. In the case at bar, Grove was not told that any portion of the eight-year prison sentence he would serve was *mandatory.* Likewise, the

sentencing entry filed by the trial court does not mention that any prison sentence imposed upon Grove is "mandatory" prison time. Accordingly, Grove's pleas were not made knowingly, intelligently, and voluntarily.

{¶16} Grove's sole assignment of error is sustained. The plea of guilty and sentence is vacated and the matter will be remanded to the trial court for further proceedings.

{¶17} The judgment of the Tuscarawas County Court of Common Pleas is reversed and this cause is remanded to that court for further proceedings according to law and consistent with this opinion.

By Gwin, P.J.,

Wise, John, J., and

Delaney, J., concur