[Cite as *State v. Myers*, 2024-Ohio-373.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2023 CA 0040 |
| ELIJAH MYERS | : | |
| | : | |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:       Criminal appeal from the Richland County
                               Court of Common Pleas, Case No.2023-
                               CR-0041


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        February 2, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JODIE SCHUMACHER                          TODD W. BARSTOW
Prosecuting Attorney                      261 West Johnstown Road
38 South Park Street                      Suite 204
Mansfield, OH 44902                       Columbus, OH 43230

*Gwin, J.,*

{¶1}   Appellant Elijah Myers appeals his conviction and sentence after a negotiated plea in the Richland County Court of Common Pleas.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   On December 21, 2022, the Mansfield police responded to a "shots fired" call at a residence in the area of Greenlawn Avenue.  Appellant was at the residence. The officers discovered a backpack with fentanyl in it at the residence and a firearm in the street near the residence.  Appellant's DNA was on the bags of fentanyl inside the backpack.  On January 3, 2023, Metro-Richland County was involved in investigating an incident in which appellant received a package from Arizona that contained 435 grams of methamphetamine.  Appellee also alleges that appellant is a key member of a gang.

{¶3}   On February 23, 2023, the Richland County Grand Jury returned an indictment against appellant on multiple charges and specifications.  Those charges and specifications included:  trafficking in a fentanyl-related compound, a felony of the first degree, with a firearm specification, possession of a fentanyl-related compound, a felony of the first-degree, with a firearm specification, aggravated trafficking in drugs (methamphetamine), a felony of the first degree, with a major drug offender specification, aggravated possession of drugs (methamphetamine), a felony of the first-degree, with a major drug offender specification, participating in a criminal gang, a felony of the second degree, with a firearm specification, and three counts of possessing criminal tools, felonies of the fifth degree, with forfeiture specifications.

{¶4}   On July 7, 2023, the trial court held a plea hearing.  At the beginning of the hearing, the trial court detailed the plea agreement between the parties as follows: appellant would plead guilty to counts 1 and 3 (trafficking in a fentanyl-related compound and aggravated trafficking in drugs) and enter an Alford plea to Count 5 (participating in a criminal gang), the remainder of the charges and specifications would be dismissed, and there would be a joint sentencing recommendation of fourteen to nineteen and one-half years in prison.  The court asked appellant if that was his understanding of the plea agreement, and appellant responded, "yes, your honor."  Appellant then told the trial court no threats or promises had been made to him with regards to the plea.

{¶5}   The court continued the colloquy by explaining appellant's constitutional rights.  Appellant confirmed he waived each of these rights.  The trial court further explained to appellant the following:  Count 1 carried a maximum penalty of eleven years in prison, Count 3 with the major drug offender specification carried up to a maximum mandatory penalty of eleven years in prison, and Count 5 carried a maximum penalty of up to eight years in prison.   The court again reiterated the major drug offender specification was mandatory, explaining that mandatory meant "that is the minimum you can do," and reiterated that the jointly-agreed upon sentence is that "you are to do fourteen years on these charges."  Appellant confirmed he understood these penalties. The court then informed appellant, "you are not eligible for community control on these charges."

{¶6}   The trial court asked appellant if he had an opportunity to review the admission of guilt form.  Appellant stated he had the opportunity to review the form and confirmed his signature was on the form.  Appellant said he had no questions about the

form, and no questions about the proceedings. Further, that he was satisfied with trial counsel. The trial court accepted appellant's pleas, found the pleas were knowingly, voluntarily, and intelligently given, and found appellant guilty of the charges.

{¶7} Also, on July 7, 2023, appellant signed an "admission of guilt" form. The form provides that appellant agrees to withdraw his former plea of not guilty and enter a plea of guilty to Count 1, enter a plea of guilty to Count 3, and enter an Alford plea to Count 5. Further, that, as part of the plea agreement, Counts 2, 4, 6, 7, and 8, along with the firearm specifications on Counts 1 and 5 are dismissed. The form provides, "I understand the maximum sentence is a basic prison term of 30-35.5 years of which 11 is mandatory."

{¶8} The trial court moved to a sentencing hearing. Appellant apologized for his actions. The trial court imposed the jointly-recommended sentence. Specifically, the trial court sentenced appellant to the mandatory eleven years on Count 3, consecutive to three years on Count 5. The trial court sentenced appellant to three years on Count 1, concurrent to Counts 3 and 5. The trial court issued a sentencing entry on July 25, 2023. In the boxes for Counts 1 and 3 stating "mandatory or suspended," the trial judge wrote that the prison time was "mandatory."

{¶9} Appellant appeals the July 25, 2023 entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶10} "I. WHETHER OR NOT APPELLANT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED HIS PLEAS OF GUILTY, IN VIOLATION OF HIS RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE

UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION."

I.

{¶11} In his assignment of error, appellant contends the trial court's colloquy failed to accurately depict the mandatory sentencing under the charge of trafficking in fentanyl and thus, the trial court failed to substantially comply with Criminal Rule 11(C)(2)(a). Appellant contends his guilty pleas should therefore be vacated.

{¶12} Criminal Rule 11(C) requires a trial court, in a felony plea hearing, to address the defendant personally and convey certain information to the defendant, making clear it will not accept a guilty plea without performing these duties. *State v. Holmes*, 5th Dist. Licking No. 09 CA 70, 2010-Ohio-428. Section (C)(2) further requires the trial court to determine, "that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶13} In *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, the Ohio Supreme Court addressed the specific constitutional rights referenced in Criminal Rule 11 and stated as follows:

> [A] trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise
>
> a defendant before accepting a felony plea that the plea waives: (1) the right
>
> to a jury trial; (2) the right to confront one's accusers; (3) the right to
>
> compulsory process to obtain witnesses; (4) the right to require the state to

prove guilt beyond a reasonable doubt; and (5) the privilege against self-incrimination.

{¶14} When a trial court fails to strictly comply with this duty, a defendant's plea is invalid. *Id.*

{¶15} However, in accepting a guilty plea with regard to non-constitutional rights, a trial court must substantially comply with Criminal Rule 11(C)(2)(c), which we review based on the totality of the circumstances. *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990). "Substantial compliance" means, under the totality of the circumstances, a defendant subjectively understood the implications of his plea and the rights he was waiving. *Id.* Thus, "[f]or non-constitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted." *State v. Brown*, 5th Dist. Delaware No. 13 CA 13, 2013-Ohio-5515.

{¶16} In this case, appellant challenges a non-constitutional right. *State v. Schultz*, 5th Dist. Fairfield No. 12 CA 24, 2013-Ohio-2218. Therefore, only substantial compliance is required to satisfy Criminal Rule 11.

{¶17} A review of the record in this case demonstrates the trial court substantially complied with Criminal Rule 11, specifically as to the requirement that appellant understood he would be subject to a mandatory sentence and that the mandatory sentence would render him ineligible for community control sanctions. The trial court stated Count 1 carried a maximum penalty of eleven years, Count 3 carried a maximum mandatory penalty of eleven years with the specification, and specifically reiterated the specification was mandatory, explaining mandatory as "that is the minimum you can do."

The trial court informed appellant that the jointly-agreed upon sentence is that "you are to do fourteen years on these charges." Appellant confirmed he understood. Additionally, the trial court specifically informed appellant, "you are not eligible for community control."

{¶18} At the plea hearing, appellant stated he reviewed the admission of guilt form, and confirmed his signature was on the form. Appellant said he had no questions about the form, and no questions about the proceedings. The form provides, "I understand the maximum sentence is a basic prison term of 30-35.5 years of which 11 is mandatory."

{¶19} We find, under the totality of the circumstances, appellant subjectively understood the implications of his plea and the rights he was waiving.

{¶20} Appellant cites *State v. Groves*, *State v. McCuen*, and *State v. Smith* in support his argument. 5th Dist. Tuscarawas No. 2018AP100033, 2019-Ohio-1627; 5th Dist. Muskingum No. CT2004-0038, 2005-Ohio-3346; 5th Dist. Licking No. 13-CA-44, 2014-Ohio-2990.

{¶21} However, we find these cases distinguishable from the instant case. In *Groves*, the appellant was not told that any portion of the prison sentence he would serve was mandatory, and the sentencing entry filed by the trial court did not mention that any prison sentence imposed upon the appellant was mandatory prison time. 5th Dist. Tuscarawas No. 2018AP100033, 2019-Ohio-1627. Further, the plea agreement signed by the appellant did not state that any of the felony counts to which he pled carried mandatory time and the box indicating "mandatory" was blank for each charge. *Id.* Unlike in *Groves*, the trial court in this case did not completely fail to discuss the mandatory

nature of the prison sentence. Further, both the plea form in this case and sentencing entry in this case specifically stated and listed "mandatory" time.

**{¶22}** In *McCuen*, the trial court, in its oral discussion with appellant, did not indicate the counts carried a mandatory prison sentence. 5th Dist. Muskingum No. CT2004-0038, 2005-Ohio-3346. Further, the guilty plea form signed by appellant did not state the counts carried any mandatory prison time. *Id.* In this case, the trial court discussed mandatory time at the plea hearing, and the plea form specifically stated the counts carried mandatory prison time.

**{¶23}** In *Smith*, the trial court did not orally inform the appellant that the offense carried a term of mandatory incarceration, and the notifications as to judicial release were "confusing." 5th Dist. Licking No. 13-CA-44, 2014-Ohio-2990. Further, in the plea form, the appellant was informed that only three years of the potential sentence were mandatory and, in actuality, fourteen years of the sentence were mandatory. *Id.* In this case, the plea form contained the correct number of mandatory years, and the notifications were not confusing.

**{¶24}** We conclude the trial court substantially complied with the mandates of Criminal Rule 11 and appellant's plea was knowingly, intelligently, and voluntarily made.

**{¶25}** We further find that appellant has not demonstrated prejudice. This is not a case in which the trial court completely and wholly failed to comply with or explain the requirements enumerated in Criminal Rule 11(C)(2)(a) or (b) as in *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 726. As in *State v. Straley*, the trial court in this case reviewed the maximum sentences during the colloquy and the plea form

outlined the maximum sentences. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623. Accordingly, appellant must demonstrate prejudice.

**{¶26}** "A defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when no constitutional aspects of the plea colloquy are at issue." *State v. Brown*, 5th Dist. Delaware No. 13 CA 13, 2013-Ohio-5515. The test for prejudice is whether the defendant would have made the plea absent the error. *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

**{¶27}** The record does not support a conclusion that, absent the error, appellant would have decided to forego the negotiated plea agreement. Appellant does not aver that he would not have entered his guilty plea had the mandatory time been more accurately depicted. Additionally, the record demonstrates that, in exchange for his guilty plea to the charges, appellee dismissed Counts 2, 4, 6, 7, 8, and the firearm specifications to Counts 1 and 5, each of which carried significant prison terms. Further, appellant was facing over a thirty-year sentence on the charges he did plead guilty to, and, pursuant to the negotiated plea, only received a fourteen-year sentence with a mandatory eleven years. Appellant was sentenced to the aggregate sentence to which he agreed in exchange for his guilty plea. He could not have reasonably expected to serve any less than that sentence.

**{¶28}** Appellant has not demonstrated he would not have entered a plea had he been more thoroughly advised regarding his non-constitutional rights. Accordingly, even if the trial court did not substantially comply with Criminal Rule 11(C), appellant has failed to demonstrate he was prejudiced by the trial court's deficiencies.

{¶29} Based on the foregoing, appellant's assignment of error is overruled.  The judgment of the Richland County Court of Common Pleas is affirmed.

By Gwin, J.,

Delaney, P.J., and

King, J., concur