[Cite as *State v. Cruz*, 2012-Ohio-1943.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96999

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LETICIA CRUZ

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART; VACATED IN PART AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-543686

**BEFORE:** Kilbane, J., Sweeney, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 3, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender
Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Carl Sullivan
Daniel South
Assistant County Prosecutors
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Leticia Cruz ("Cruz"), appeals her sentence. Finding merit to the appeal, we vacate her sentence in part and remand for a resentencing hearing.

**{¶2}** In November 2010, Cruz was charged in a 19-count indictment. Counts 1-6 charged her with drug trafficking. Counts 7-12 charged her with drug possession. Counts 13-18 charged her with deception to obtain a dangerous drug. Count 19 charged her with possessing criminal tools.[1]

**{¶3}** The charges arise from six prescription slips for oxycotin filled between September 2009 and November 2009. Cruz worked as a medical assistant at Westshore Family Practice, where she fraudulently wrote and filled these prescription slips each for 120 pills of 80 milligram oxycotin. In May 2011, the matter proceeded to a bench trial, at which Cruz was found guilty of all charges.

**{¶4}** In June 2011, the trial court held a sentencing hearing. For purposes of sentencing, the trial court merged Count 7 into Count 1, Count 8 into Count 2, Count 9 into Count 3, Count 10 into Count 4, Count 11 into Count 5 and Count 12 into Count 6. The trial court then sentenced Cruz to a mandatory three years in prison on each of Counts 1, 2, 3, 4, 5, and 6 to be served concurrently with each other, and a mandatory

---

[1]Each count carried a forfeiture of a cell phone and a forfeiture of money specification.

three years in prison on each of Counts 13, 14, 15, 16, 17, and 18 to be served concurrently with each other, but consecutive to Counts 1-6. The trial court also sentenced Cruz to six months in prison on Count 19, to be served concurrently with the other counts, for a total of a mandatory six years in prison.

{¶5} Cruz now appeals, raising the following three assignments of error for review.

## ASSIGNMENT OF ERROR ONE

The trial court violated [Cruz's] right to due process by imposing a mandatory prison term where prison is only presumptive under R.C. 2925.22.

## ASSIGNMENT OF ERROR TWO

The trial court erred at sentencing by failing to merge the counts under R.C. 2925.22 in the trafficking counts.

## ASSIGNMENT OF ERROR THREE

Trial counsel was ineffective for failing to raise the allied offenses issue or challenge the mandatory sentence imposed on the R.C. 2925.22 counts.

Standard of Review

**{¶6}** The Ohio Supreme Court, in a split decision, has set forth the applicable standard of appellate review of a felony sentence in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4:

> In applying [*State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470,] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

### Presumption of Prison Term

**{¶7}** In the first assignment of error, Cruz argues that her sentence for the deception to obtain dangerous drugs counts is contrary to law. The State, on the other hand, claims that "[t]here may have been an error of law by the court with respect to mandatory versus a presumptive prison sentence but there is nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable." We find Cruz's argument more persuasive.

**{¶8}** At the sentencing hearing, the State advised the trial court that mandatory prison time was required for any sentence imposed on the deception counts. The court then stated, "[s]o sentencing Ms. Cruz today means she has to be sentenced to 12 different counts in Counts 1 through 6 and 13 through 18, to a second degree felony *mandatory* prison sentence — [.]" The State replied, "[c]orrect." The corresponding sentencing journal entry states a "*mandatory* 3 years on each of Counts 13, 14, 15, 16, 17, and 18. * * * *Net mandatory 6 year sentence.*" (Emphasis added.)

**{¶9}** R.C. 2925.22(B)(2)(c), however, provides that:

If the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, or if the amount of the drug involved that could be obtained pursuant to the prescription would equal or exceed five times the bulk amount but would be less than fifty times the bulk amount, it is a felony of the second degree, and *there is a presumption for a prison term for the offense*.     (Emphasis added.)

**{¶10}** With a presumption, the trial court is not required to impose a mandated prison term. The trial court retains discretion to sentence the offender as it deems warranted in accordance with the applicable law. On the other hand, with a mandatory prison term, the trial court is required to sentence the offender as the applicable law mandates. While Cruz's sentence was within the applicable statutory range, the trial court erred when it sentenced Cruz specifically to a *mandatory* three years in prison on the deceptions counts. A mandatory sentence carries additional ramifications regarding an offender's prison time. With a mandatory sentence, the offender is not eligible for community control sanctions or judicial release. As a result, Cruz's sentence with respect to the deception counts is contrary to law.

**{¶11}** Therefore, Cruz's sentence on Counts 13, 14, 15, 16, 17, and 18 is vacated, and the matter is remanded for a resentencing hearing on these counts.

**{¶12}** Accordingly, the first assignment of error is sustained.

Merger of Allied Offenses

**{¶13}** In the second assignment of error, Cruz argues the trial court erred by failing to merge the deception counts (Counts 13, 14, 15, 16, 17, and 18 ) with the drug trafficking counts (Counts 1, 2, 3, 4, 5, and 6).

**{¶14}** In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court redefined the test for determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25.[2] The *Johnson* court expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), which required a "comparison of the statutory elements in the abstract" to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other.

**{¶15}** The *Johnson* court held that rather than compare the elements of the crimes in the abstract, courts must consider the defendant's conduct. *Id*. at syllabus. The court found:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * *
>
> If multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." [*State v.*] *Brown*,

---

[2]R.C. 2941.25 governs allied offenses and provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50, (Lanzinger, J., dissenting).

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge. *Id*. at ¶ 48-50.

{¶16} While the trial court in the instant case merged the drug possession counts into the drug trafficking counts, a review of the record reveals that there was no discussion regarding the merger of the deception counts with the drug trafficking counts at the sentencing hearing. We note the Ohio Supreme Court has found that the failure to merge allied offenses of similar import constitutes plain error. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

{¶17} Drug trafficking is defined in R.C. 2925.03(A)(2) as follows:

No person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.

{¶18} Deception to obtain a dangerous drug is defined in R.C. 2925.22(A) as follows:

[n]o person, by deception, shall procure the administration of, a prescription for, or the dispensing of, a dangerous drug or shall possess an uncompleted preprinted prescription blank used for writing a prescription for a dangerous drug.

{¶19} In analyzing these two offenses under *Johnson*, we find that they cannot be committed by the same conduct. The deception convictions resulted from Cruz's conduct of completing unauthorized prescriptions for oxycotin and filling them at a pharmacy. Whereas, the trafficking convictions resulted from Cruz's conduct of then selling the oxycotin pills to others or giving them to her boyfriend.

{¶20} Thus, the second assignment of error is overruled.

Ineffective Assistance of Counsel

{¶21} In the third assignment of error, Cruz argues that defense counsel was ineffective for failing to request that the deception and trafficking counts be merged and for failing to challenge the mandatory sentence imposed by the trial court.

{¶22} However, in light of our resolution of the first and second assignments of error, we need not address Cruz's third assignment of error. *See* App.R. 12(A)(1)(c).

{¶23} Accordingly, judgment is affirmed in part and vacated in part. Cruz's sentence on Counts 13, 14, 15, 16, 17, and 18 is vacated, and the matter is remanded for a sentencing hearing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

JAMES J. SWEENEY, P.J., and
KENNETH A. ROCCO, J., CONCUR