[Cite as *State v. Wofford*, 2019-Ohio-2815.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :        APPEAL NO. C-180411
                                                 TRIAL NO. B-1602231
     Plaintiff-Appellee,

                                        :        *O P I N I O N.*

    vs.

JAMES WOFFORD,                          :

    Defendant-Appellant.               :



Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 10, 2019



*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William F. Oswall Jr.*, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1}   Defendant-appellant James Wofford appeals the decision of the trial court sentencing him to prison on his conviction for involuntary manslaughter.  In one assignment of error, Wofford argues that the trial court improperly declined to consider community control in sentencing him to prison, and so he must be resentenced.  We overrule Wofford's assignment of error and affirm the decision of the trial court.

{¶2}   Wofford pled guilty to one count of involuntary manslaughter under R.C. 2903.04(A), a felony of the first degree, and an accompanying firearm specification under R.C. 2941.145.  He was sentenced to 11 years in prison for the involuntary-manslaughter charge and three years for the firearm specification, to be served consecutively.

{¶3}   R.C. 2929.14(B)(1)(a)(ii) mandates that a prison term of three years be imposed for offenses in which the offender had a firearm on his person or under his control while committing the offense and displayed, brandished, or indicated that he possessed the firearm, or used it to facilitate the offense.  The trial court was required to impose a separate three-year prison term for the firearm specification.

{¶4}   Wofford does not take issue with the mandatory three-year firearm-specification sentence, but argues that he was eligible for community control on the involuntary-manslaughter conviction, and that the trial judge erred by failing to consider community control as a possible sentence for that offense.

### R.C. 2929.13(F)(8)

{¶5}   Because the trial court was required to impose a prison sentence for the involuntary-manslaughter conviction, Wofford's assignment of error has no merit.

{¶6}   Generally, a prison term is presumed for a first- or second- degree felony, but the trial court can impose community control if it makes certain findings. R.C. 2929.13(D).   Nevertheless, R.C. 2929.13(F) requires a trial court to impose a prison sentence under certain circumstances.  *State v. Johnson,* 116 Ohio St.3d 541, 2008-Ohio-69, 880 N.E.2d 896, ¶ 9;  *See* R.C. 2929.01(X)(1) (defining a mandatory prison term as including one that must be imposed under R.C. 2929.13(F)(1) to (8) or (12) to (22)).

{¶7}   Similarly, this court has held that R.C. 2929.13(F)(6) requires that a prison sentence be imposed for any first- or second- degree felony when the defendant has a prior first- or second- degree felony conviction.  *State v. Kinney,* 2018-Ohio-404, 105 N.E.3d 603, ¶ 23 (1st Dist.).

{¶8}   R.C. 2929.13(F)(8) requires the court to impose a prison term for any felony offense, except a violation of R.C. 2923.12 (carrying a concealed weapon), during which the offender had a firearm on or about his person or under his control while committing the felony, with respect to a portion of the sentence imposed pursuant to R.C. 2929.14(B)(1)(a).

{¶9}   Involuntary manslaughter under R.C. 2903.04(A) is a felony of the first degree subject to a maximum sentence of 11 years. R.C. 2929.14(A)(1).  As noted above, the firearm specification in R.C. 2929.14(B)(1)(a)(ii) requires that the offender had a firearm on his person or under his control while committing the

offense and displayed, brandished, or indicated that he possessed the firearm, or used it to facilitate the offense.

{¶10} Wofford pled guilty to involuntary manslaughter and the accompanying firearm specification, and so he admitted to committing a felony while having a firearm on his person or under his control. Therefore, pursuant to R.C. 2929.13(F)(8), the trial court was required to impose a prison sentence for the involuntary-manslaughter offense. Because Wofford was not eligible for community control, his sole assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.