[Cite as *State v. Lear*, 2023-Ohio-3442.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220485 |
| | | TRIAL NO. B-2105646 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| MARVIN LEAR, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:   Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: September 27, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Alana Van Gundy*, for Defendant-Appellant.

**CROUSE, Presiding Judge.**

**{¶1}** Defendant-appellant Marvin Lear appeals his convictions, following guilty pleas, for having a weapon while under a disability and aggravated trafficking in drugs. In a single assignment of error, he argues that the trial court failed to comply with Crim.R. 11 because it did not notify him that he was pleading to a charge that carried a mandatory prison term, and that consequently his pleas were not entered knowingly, intelligently, and voluntarily. Because Lear entered into agreed pleas with a recommended aggregate sentence, and because the trial court imposed the sentence recommended by Lear and the state, we find his argument to be without merit. We hold that Lear entered his pleas knowingly, intelligently, and voluntarily, and we affirm the trial court's judgment.

## I.      *Lear Pleads Guilty and is Sentenced*

**{¶2}** Lear was indicted for eight felony offenses in November of 2021. The offenses included in the indictment were having a weapon while under a disability, a third-degree felony; aggravated trafficking in drugs, a second-degree felony; aggravated possession of cocaine, a second-degree felony; trafficking in cocaine, a second-degree felony; possession of cocaine, a third-degree felony; trafficking in marijuana, a fifth-degree felony; and two counts of aggravated trafficking in drugs, both fourth-degree felonies.

**{¶3}** In August of 2022, Lear pled guilty to having a weapon while under a disability, aggravated trafficking in drugs as a second-degree felony, and trafficking in cocaine. The plea agreement included a jointly-recommended aggregate sentence of five years of imprisonment. After accepting Lear's guilty pleas, the trial court imposed the recommended sentence. This sentence included 12 months of imprisonment for

the offense of having a weapon while under a disability, to be served concurrently with a sentence of five years of imprisonment imposed for the offense of aggravated trafficking in drugs. The offense of trafficking in cocaine was merged at sentencing, resulting in an aggregate sentence of five years' imprisonment.

**{¶4}** Lear now appeals.

## II. Crim.R. 11 Analysis

**{¶5}** In his sole assignment of error, Lear argues that the trial court violated Crim.R. 11 because it failed to notify him that he was pleading to a charge with a mandatory prison term, and that consequently he did not make knowing, intelligent, and voluntary pleas.

**{¶6}** "Before accepting a guilty or no-contest plea, the court must make the determinations and give the warnings required by Crim. R. 11(C)(2)(a) and (b) and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c)." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 13. A defendant's decision to enter a plea must be knowing, intelligent, and voluntary. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10. Crim.R. 11(C)(2) provides that:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty

involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶7} In *Dangler,* the Supreme Court of Ohio expressed frustration with its prior caselaw that had "muddled" the analysis used to determine whether a trial court had complied with the requirements of Crim.R. 11(C)(2). *Dangler* at ¶ 17. It recognized that:

The court has, in some instances, said that "partial" compliance is sufficient absent a showing of prejudice from the failure to "substantially" comply. Elsewhere, the court has indicated that when a trial court has "substantially" complied, the defendant must show prejudice from the failure to "strictly" or "literally" adhere to the rule.

But those formulations have served only to unduly complicate what

should be a fairly straightforward inquiry.

(Internal citations omitted.) *Id.*

**{¶8}** The *Dangler* court held that except where a trial court fails to explain the constitutional rights in Crim.R. 11(C)(2)(c) or where a trial court completely fails to comply with a portion of Crim.R. 11(C), "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 14-16. Prejudice is established by showing that the plea would not have otherwise been made. *Id.* at ¶ 16. It is not necessary for a defendant to establish prejudice in the two exceptions previously noted, specifically where the constitutional rights in Crim.R. 11(C)(2)(c) are not explained and where there has a been a complete failure to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 14 and 15.

### A. Failure to Inform that Sentence was Mandatory

**{¶9}** Lear contends that the trial court failed to comply with Crim.R. 11(C) because it failed to notify him that he was pleading to a charge (aggravated trafficking in drugs) that required a mandatory prison term and that he was ineligible for probation. This argument implicates Crim.R. 11(C)(2)(a).

**{¶10}** At the plea hearing, Lear and the state informed the court that they were requesting the court impose a recommended sentence of five years in the Ohio Department of Rehabilitation and Correction.

**{¶11}** During the plea colloquy, the trial court discussed with Lear the maximum sentence that he faced for each offense. With respect to the offense of having a weapon while under a disability, the court informed Lear that he faced a potential

sentence of nine to 36 months' imprisonment and a maximum fine of $10,000. The court additionally told Lear that it could place him on community control for up to five years instead of sending him to prison. With respect to the offenses of aggravated trafficking in drugs and trafficking in cocaine, the court informed Lear that he faced for each offense a potential sentence of two to eight years' imprisonment and a maximum fine of $15,000. Notably, it did not tell Lear that he was ineligible for probation or for community control for the offense of aggravated trafficking in drugs. The court also discussed the potential periods of postrelease control that Lear faced for each offense.

{¶12} Lear's assertion that he faced a mandatory prison term for the offense of aggravated trafficking in drugs is correct. The indictment alleged with respect to this offense that he "knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed a Schedule II controlled substance, to wit: METHAMPHETAMINE, * * * in an amount that equaled or exceeded 5 times the bulk amount was but was less than 50 times the bulk amount." R.C. 2925.03(C)(1)(d) provides that "if the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated trafficking in drugs is a felony of the second degree, and the court shall impose as a mandatory prison term a second degree felony mandatory prison term."

{¶13} "A defendant who is required to serve a mandatory prison term is ineligible for probation or community control." *State v. Foster*, 2018-Ohio-4006, 121 N.E.3d 76, ¶ 17 (1st Dist.), citing R.C. 2929.16(A). Pursuant to Crim.R. 11(C)(2)(a), where a defendant is not eligible for probation or for the imposition of community-control sanctions, the trial court must ensure that the defendant is aware of such

ineligibility prior to accepting the defendant's plea. *Id*. Therefore, when applicable, the trial court must inform a defendant that the mandatory nature of the sentence faced rendered the defendant ineligible for probation or community control. *Id*.; *State v. Kinney*, 2018-Ohio-404, 105 N.E.3d 603, ¶ 24 (1st Dist.); *State v. Grove*, 5th Dist. Tuscarawas No. 2018AP100033, 2019-Ohio-1627, ¶ 13 ("a trial court must, before accepting the plea, determine the defendant's understanding that the defendant is subject to a mandatory sentence and that the mandatory sentence renders the defendant ineligible for probation or community control sanctions").

**{¶14}** The trial court in this case failed to inform Lear that he faced a mandatory sentence for the offense of aggravated trafficking in drugs and that he was ineligible to be placed on probation or community control. Following our review of the record, however, we find that Lear suffered no prejudice from the trial court's omission. Lear and the state asked the trial court to impose a recommended sentence of five years' imprisonment. Lear thus had no expectation that he would be placed on community control instead of serving a prison term. Additionally, the entry withdrawing his pleas of not guilty and entering guilty pleas, which was signed by Lear, indicated that Lear faced a mandatory prison term for the offense of aggravated trafficking in drugs. Under these circumstances, we cannot hold that Lear would not have entered the pleas but for the trial court's failure to inform him that he faced a mandatory sentence.

### B. Failure to Impose a Sentence in Accordance with Reagan Tokes

**{¶15}** Lear also raises in this assignment of error an argument concerning the trial court's failure to comply with the Reagan Tokes Law.

**{¶16}** Lear argues in his issue presented for review that "[a]dditionally, the Court is required to include indefinite sentencing per Reagan Tokes. The Court failed to notify him there was a mandatory term, place that in the sentencing entry, or provide an indefinite sentence per Reagan Tokes." In his appellate brief, he asserts that "Mr. Lear was sentenced to a definite sentence for an F2 offense, thus violating Reagan Tokes."

**{¶17}** Lear's argument seemingly attacks the sentence imposed, rather than the trial court's compliance with Crim.R. 11. Lear, however, has raised no assignment of error challenging his sentence. The role of an appellate court is to "rule[] on assignments of error, not mere arguments." *Mun. Tax Invest. LLC v. Northup Reinhardt Corp.*, 10th Dist. Franklin No. 19-AP-26, 2019-Ohio-4867, ¶ 24, quoting *Huntington Natl. Bank v. Burda*, 10th Dist. Franklin No. 08AP-658, 2009-Ohio-1752, ¶ 21. This role is clearly set forth in App.R. 12(A)(1)(b), which provides that a court of appeals shall "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs." Because Lear has raised no assignment of error challenging his sentence, we decline to consider his Reagan Tokes argument so far as it asserts that the trial court erred in the imposition of sentence. *See Mun. Tax Invest. LLC* at ¶ 24; *Kellard v. Cincinnati*, 2021-Ohio-1420, 171 N.E.3d 868, ¶ 43 (1st Dist.), fn. 2; App.R. 12(A)(1)(b).

**{¶18}** Insofar as Lear's argument can be interpreted as a contention that the trial court failed to comply with Crim.R. 11 by failing to inform him that he faced an indefinite sentence under the Reagan Tokes Law, we consider his argument. When a defendant pleads to an offense that is subject to indefinite sentencing under the Reagan Tokes Law, the trial court must, when informing the defendant of the

maximum sentence faced, inform the defendant that the maximum penalty includes an indefinite sentence. *State v. Lee*, 1st Dist. Hamilton No. C-210001, 2021-Ohio-3918, ¶ 11-13; *State v. Tackett*, 8th Dist. Cuyahoga No. 111998, 2023-Ohio-2298, ¶ 20; *State v. Gabbard*, 12th Dist. Butler No. CA2020-12-125, 2021-Ohio-3646, ¶ 16.

{**¶19**}  Lear is correct that the offenses of aggravated trafficking in drugs and trafficking in cocaine were second-degree felonies for which the trial court was required to impose an indefinite sentence under the Reagan Tokes Law. *See* R.C. 2929.14(A)(2)(a). He is also correct in his assertion that the trial court failed to inform Lear that he faced an indefinite sentence for these offenses.

{**¶20**}  However, we hold that Lear suffered no prejudice from the trial court's failure to inform him that the maximum sentence he faced included an indefinite sentence. This is not a situation in which the trial court imposed an indefinite sentence after failing to inform a defendant that an indefinite sentence was required to be imposed. *See Lee* at ¶ 12; *State v. Fikes*, 1st Dist. Hamilton No. C-200221, 2021-Ohio-2597, ¶ 11-13. Rather, the trial court imposed the recommended aggregate sentence of five years' imprisonment that was requested by Lear and the state. Under these circumstances where the trial court in fact imposed the recommended sentence, we cannot find that Lear would not have entered the pleas but for the trial court's failure to notify him of the maximum sentence faced under the Reagan Tokes Law.

{**¶21**}  Lear's assignment of error is overruled.

### III.   Conclusion

{**¶22**}  Lear entered his pleas knowingly, intelligently, and voluntarily. The judgment of the trial court is accordingly affirmed.

Judgment affirmed.

**ZAYAS** and **BOCK, JJ.,** concur**.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.