[Cite as *State v. Williams*, 2025-Ohio-2902.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :          APPEAL NO.    C-240534
                                                   TRIAL NO.     B-2304546
    Plaintiff-Appellee,         :

    vs.                         :
                                                        *JUDGMENT ENTRY*

JERMYKLE WILLIAMS,                      :

    Defendant-Appellant.        :


This cause was heard upon the appeal, the record, the briefs, and arguments.

The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 8/15/2025 per order of the court.**


**By:**_____
       **Administrative Judge**

[Cite as *State v. Williams*, 2025-Ohio-2902.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240534 |
| | | TRIAL NO. B-2304546 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| JERMYKLE WILLIAMS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: August 15, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Santen & Hughes* and *H. Louis Sirkin,* for Defendant-Appellant.

**BOCK, Judge.**

**{¶1}** Defendant-appellant Jermykle Williams asks this court to reverse his felonious-assault conviction because, as Williams argues, the trial court completely failed to advise Williams that the nature of his offense rendered him ineligible for community control and required him to serve a prison sentence.

**{¶2}** We agree. Under the totality of the circumstances, the trial court completely failed to determine that Williams understood the mandatory nature of his sentence and his ineligibility for community control as required by Crim.R. 11(C)(2)(a). The trial court's plea colloquy and the written form misrepresented Williams's eligibility, and the trial court compounded those errors when it failed to correct Williams when he explicitly requested community control. Such a complete failure rendered Williams's guilty plea presumptively unknowing and involuntary.

**{¶3}** We sustain Williams's assignment of error, vacate his guilty plea to the felonious-assault charge, reverse his conviction for that offense, and remand the cause to the trial court. The trial court's judgment is affirmed in all other respects.

## I.  *Factual and Procedural History*

**{¶4}** Under a plea agreement reached by Williams and the State, the State dismissed two charges in exchange for Williams pleading guilty to felonious assault in violation of R.C. 2903.11(A)(1), a first-degree felony, and swatting in violation of R.C. 2917.321(B), a second-degree felony.

**{¶5}** The plea form contained columns for "POTENTIAL SENT. RANGE" and "MANDATORY PRISON TERM" for each offense. While "3-11 yrs" and "2-8 yrs" are listed in the potential-sentence-range column, the mandatory-prison-term column was left blank. And the form identified the potential consequences Williams could face if he were to violate community control.

**{¶6}** At the plea hearing, the State explained that the swatting charge was based on "a false report called in by Mr. Williams referenc[ing] a robbery that occurred in Mt. Echo Park." The responding officer "was attacked" and injured.

**{¶7}** The trial court informed Williams during the hearing that first-degree felonious assault carries a potential three-to-11-year sentence and swatting, a second-degree felony, carries "a potential two to eight-year prison sentence, maximum $15,000 fine." It explained to Williams that he faced an indefinite sentence because his "offense is a qualifying offense." And Williams could face "a potential maximum prison sentence of 24-and-a-half years."

**{¶8}** Next, the following exchange took place:

THE COURT: Alright, so we are going to talk about several things now. We are going to talk about prison. We are going to talk about community control. It's not really applicable here, but I'm going to go over it with you anyway. And then, thirdly, we are going to talk about some constitutional rights.

. . .

THE COURT: Community control, as an alternative sanction, that can be for a period of up to five years. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And if you violated that, you could get a longer term under the same sanction, a more restrictive sanction, or a prison sentence for the maximums that we've talked about. Do you understand that?

THE DEFENDANT: Yes, sir.

**{¶9}** Later, the trial court asked Williams about the written plea form:

THE COURT: You've read over this plea form before you signed it?

4

THE DEFENDANT: Yes, sir.

THE COURT: Did your lawyer answer any questions that you had about it?

THE DEFENDANT: Yes, Sir.

THE COURT: Do you feel you understand what this paperwork says and what it means?

THE DEFENDANT: My lawyer did tell me that – to get probation, to ask for me to have probation.

THE COURT: We'll deal with that after we talk about [the plea form].

**{¶10}** The trial court accepted the guilty pleas, convicted Williams, and sentenced him to an indefinite 11-to-16-year-and-six-month sentence on the felonious-assault count and a concurrent eight-year sentence on the swatting count.

## II.   Analysis

**{¶11}** Williams argues on appeal that the trial court completely failed to comply with Crim.R. 11(C)(2)(a) and that he did not understand that he was pleading guilty to an offense that carries a mandatory sentence, rendering him ineligible for community control.

### *Trial courts must provide information before accepting a guilty plea*

**{¶12}** Crim.R. 11(C) governs the constitutional and nonconstitutional information that the trial court must review with a defendant before accepting a guilty plea. The purpose of Crim.R. 11(C) "is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *State v. Ballard*, 66 Ohio St.2d 473, 479-480 (1981). A defendant voluntarily pleads guilty if the defendant "act[s] with a full understanding of the consequences of his plea." *State v. Foster*, 2018-Ohio-4006, ¶ 19 (1st Dist.). On appeal, we review the trial court's

5

compliance with Crim.R. 11(C) and "the voluntariness of a defendant's guilty plea de novo." *State v. Walker*, 2024-Ohio-6079, ¶ 20 (1st Dist.).

**{¶13}** At issue is Crim.R. 11(C)(2)(a), which instructs a trial court to "not accept a plea of guilty . . . without . . . determining that the defendant is making the plea voluntarily, with understanding of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions." While other subsections of Crim.R. 11(C) "require a trial court to 'advise' or 'inform' a defendant," Crim.R. 11(C)(2)(a) requires the trial court to "'*determine* whether a defendant understands that he is not eligible for probation.'" (Emphasis added.) *State v. Tutt,* 2015-Ohio-5145, ¶ 18 (8th Dist.), quoting *State v. Davis*, 2000 Ohio App. LEXIS 4044, *12-13 (8th Dist. Sept. 7, 2000).

**{¶14}** Our review of a trial court's plea colloquy is multitiered. *Walker* at ¶ 22, quoting *State v. Clark,* 2008-Ohio-3748, ¶ 30. Because this appeal concerns a nonconstitutional right under Crim.R. 11(C)(2)(a), we must determine whether the trial court complied with the rule. *Id.* at ¶ 23, 28. If we find that the court failed to comply with the rule, we next must determine if the trial court partially complied or completely failed to comply with Crim.R. 11(C)(2)(a). *Id.* at ¶ 28, quoting *Clark* at ¶ 32. When a trial court completely fails to comply with Crim.R. 11(C)(2)(a), we deem that guilty plea "per se involuntary." *Id.* Thus, a complete failure to comply with the rule "eliminates the defendant's burden to show prejudice." *State v. Dangler*, 2020-Ohio-2765, ¶ 14. But when a trial court partially complies with the rule, we will not vacate a guilty plea unless the defendant shows prejudice—"that but for the trial court's failure to completely comply, he would not have pleaded guilty." *State v. King*, 2025-Ohio-1365, ¶ 30 (8th Dist.).

6

**{¶15}** Where a felonious-assault victim is a "peace officer" who suffered serious physical harm because of the assault, the trial court "shall impose . . . a mandatory prison term." R.C. 2903.11(D)(1)(b). And when a defendant must serve a mandatory prison term, that defendant is ineligible for community control. *Foster*, 2018-Ohio-4006, at ¶ 17 (1st Dist.).

**{¶16}** Because the victim of Williams's felonious assault was a law-enforcement officer, the trial court was required to impose a mandatory prison term. R.C. 2903.11(D)(1)(b). The best course of action for the trial court was to "inform [Williams] that the mandatory nature of the sentence faced rendered [him] ineligible for probation or community control." *State v. Lear,* 2023-Ohio-3442, ¶ 13 (1st Dist.); *see State v. Grove,* 2019-Ohio-1627, ¶ 13 (5th Dist.). Courts have held that Crim.R. 11(C)(2)(a) is satisfied where the trial court provides that information or otherwise "confirm[s] the defendant's subjective understanding of that fact in some other way, i.e., if the 'totality of the circumstances' warrants the trial court in making a determination that the defendant otherwise understands, prior to entering his plea, that he or she is subject to a mandatory prison sentence." *Tutt*, 2015-Ohio-5145, at ¶ 20 (8th Dist.).

**{¶17}** A trial court completely fails to comply with Crim.R. 11(C)(2)(a) when it mistakenly informs a defendant facing a mandatory prison sentence that "there's no mandatory prison time." *See State v. Maggard*, 2011-Ohio-4233, ¶ 12, 17 (1st Dist.). Likewise, a trial court completely fails where it provides conflicting or misleading information involving a mandatory sentence and community-control ineligibility. *See State v. Hendrix*, 2013-Ohio-4978, ¶ 25 (12th Dist.) ("[D]efendant was incorrectly advised he could serve a shorter sentence than the one ultimately imposed by the trial court, due to earned credit and judicial release, even though he was ineligible for

either."). And courts have held that failing to inform a defendant of a mandatory sentence, combined with contradictory information in a plea form, constitutes a complete failure to comply with the rule. *See State v. Dunham,* 2012-Ohio-2957, ¶ 16 (5th Dist.); *see also Grove* at ¶ 15.

*The trial court allowed Williams to believe he was eligible for community control*

**{¶18}** When viewed in its entirety, the trial court's exchange with Williams at the plea hearing constitutes a complete failure under Crim.R. 11(C)(2)(a).

**{¶19}** The trial court described the penalty for Williams's felonious-assault count as a "*potential* three to 11-year prison sentence." Next, the trial court described community control as an "alternative sanction" and discussed the potential consequences facing Williams if he were to violate community control, despite having said that community control was "not really applicable." To make matters worse, the plea form failed to identify Williams's sentence as mandatory and described the consequences that Williams would face for a community-control violation. And finally, the trial court failed to correct or substantively respond to Williams when he told the trial court that his attorney advised him "to ask for me to have probation."

**{¶20}** Relying on this court's precedent, the State contends that the trial court substantially complied with Crim.R. 11(C)(2)(a). But we recently clarified that "whether a trial court substantially complies with Crim.R. 11(C)(2) is no longer part of the analysis in reviewing a trial court's plea colloquy." *Walker*, 2024-Ohio-6079, at ¶ 27 (1st Dist.). As for its substantive argument, the State relies on *State v. Stine*, 2014-Ohio-2325 (6th Dist.), to argue that we should affirm Williams's conviction. But that reliance is misplaced. Unlike Williams, the defendant in *Stine* confirmed that he was entering a guilty plea knowing that he "w[ould] receive the maximum 11-year sentence." *Id.* at ¶ 3.

8

**{¶21}** In sum, we hold that the trial court completely failed to determine whether Williams understood that he was facing a mandatory prison sentence and was ineligible for community control. We sustain Williams's assignment of error.

### *III.    Conclusion*

**{¶22}** We vacate Williams's guilty plea to felonious assault, reverse his conviction, and remand the cause to the trial court for further proceedings consistent with this opinion and the law. We affirm the trial court's judgment in all other respects.

Judgment accordingly.

**ZAYAS, P.J.,** and **MOORE, J.,** concur.